IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
———————————

**Docket No. 13-13800**
———————————

THOMAS HAYDEN BARNES

Plaintiff/Appellant

v.

RONALD M. ZACCARI, individually and in his official capacity as President of Valdosta State University; BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA; KURT KEPPLER, individually and in his official capacity as Vice President for Student Affairs at Valdosta State University; RUSS MAST, individually and in his official capacity as Dean of Students at Valdosta State University; LEAH MCMILLAN, individually and in her official capacity as a counselor at Valdosta State University; and LAVERNE GASKINS, individually and in her official capacity as in-house counsel at Valdosta State University,

Defendants/Appellees
——————————————————————————

On Appeal from the United States District Court
for the Middle District of Georgia, Valdosta Division
——————————————————————————

**BRIEF OF DEFENDANT/APPELLEE LEAH MCMILLAN**
——————————————————————————

MATTHEW R. LAVALLEE                GREGORY V. REYBOLD
GA. BAR NO. 438196                      GA. BAR NO. 144722

DALEY, KOSTER & LAVALLEE, LLC
2849 Paces Ferry Rd., Suite 205
Atlanta, GA  30339
(678) 213-2401

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

The undersigned counsel of record for LEAH MCMILLAN certifies that the following is a full and complete list of all trial judges, attorneys, persons, associations, persons, firms, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates, and parent corporations including any publicly held company that owns 10% or more of the party's stock and other identifiable legal entities related to a party.

1.     Barnes, Thomas Hayden

2.     Board of Regents of the University System of Georgia

3.     Brannen Searcy & Smith, LLP

4.     Champion, Darl, Jr.

5.     Corn-Revere, Robert

6.     Daley Koster & LaVallee, LLC

7.     Davis Wright Tremaine LLP

8.     Gaskins, Laverne

9.     Georgia Department of Administrative Services

10.    Hance, Holly

11.    Keppler, Kurt

12.    Koster, Paul

13. Lawson, Honorable Hugh: District Court Judge for the United States District Court for the Middle District of Georgia, Valdosta Division

14. LaVallee, Matthew R.

15. London, Ronald G.

16. Mast, Russ

17. McMillan, Leah

18. Morgan, Victor

19. Pannell, Jr., Honorable Charles A.: District Court Judge for the United States District Court for the Northern District of Georgia, Atlanta Division

20. Reybold, Gregory

21. Royal-Will/David C. Will, P.C.

22. Smith, David R.

23. Valdosta State University

24. Wiggins, Cary Stephen

25. Wiggins Law Group, LLC

26. Zaccari, Ronald M.

27. Zycherman, Lisa Beth

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Because of the simplicity of the issues involved, Defendant/Appellee Leah McMillan does not think oral argument is necessary.

## TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................i

TABLE OF CITATIONS ...................................................... ii

STATEMENT OF JURISDICTION..................................................... iii

STATEMENT OF THE ISSUES................................................1

STATEMENT OF THE CASE...................................................2

I.     STATEMENT OF FACTS.................................................2

II.    COURSE OF PROCEEDINGS AND DISPOSITION IN COURT
BELOW ...................................................................3

III.   STANDARD OF REVIEW............................................5

SUMMARY OF THE ARGUMENT ......................................5

ARGUMENT AND CITATIONS OF AUTHORITY ...........................................7

I.     THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN
FINDING PLAINTIFF'S CLAIMS WERE FRIVIOLUS AND
AWARDING MRS. MCMILLAN ATTORNEYS' FEES ............................7

II.    THE DISTRICT COURT'S AWARD OF FEES
WAS REASONABLE .............................................. 9

CONCLUSION .....................................................10

CERTIFICATE OF COMPLIANCE......................................12

CERTIFICATE OF SERVICE ............................................13

i

## <u>TABLE OF CITATIONS</u>

<u>CASES:</u>

*Cohen v. World Omni Fin. Corp.*, 457 Fed. Appx. 822, 828 (11th Cir. 2012) ...... 7

*Loos v. Club Paris, LLC*, 731 F. Supp. 2d 1324, 1329 (M.D. Fla. 2010) ........... 10

*Thompson v. Pharm. Corp. of Am., Inc.*,
  334 F.3d 1242, 1244 (11th Cir. 2003) ................................................................ 5

*Sullivan v. Sch. Bd. Of Pinellas Cnty*, 773 F. 2d 1183, 1189 (11th Cir. 1985) ...... 8

*U.S. v. Frazier*, 387 F.3d 1244, 1259 (11th Cir., 2004)...................................... 5, 7

 <u>STATUTES</u>

28 U.S.C. § 1291 ......................................................................................................iii

42 U.S.C. § 1983 ...................................................................................................... 2

42 U.S.C. § 1988(b) ............................................................................................ 1, 4

## **STATEMENT OF JURISDICTION**

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

## <u>STATEMENT OF THE ISSUES</u>

Whether the district court abused its discretion in determining that Appellee/Defendant Leigh McMillan was entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 1988(b), as a prevailing defendant and whether the award was reasonable.

## STATEMENT OF THE CASE

### I.    STATEMENT OF FACTS

Plaintiff filed this 42 U.S.C. § 1983 action on January 9, 2008 alleging he was unlawfully expelled from VSU on May 7, 2007, by President Ronald M. Zaccari.  (Doc., ¶ 52).  (Doc. 1).  With regard to Mrs. McMillan, a counselor at Valdosta State University's ("VSU") Counseling Center, Plaintiff alleged she assisted Defendant Zaccari in pursuing his strategy of expulsion and asserted First Amendment retaliation and due process claims against her in her individual and official capacities as well American with Disabilities and Rehabilitation Act claims against her in her official capacity.  (Doc. 1, ¶ 14, 36; Counts 1-4, pp. 23-28; 6 & 7, pp. 29-31).

Following a motion to dismiss by Mrs. McMillan, only two counts of the Complaint remained against Mrs. McMillan in her individual capacity:  Plaintiff's First Amendment retaliation claim (Count 3) and Plaintiff's procedural and substantive due process claims (Count 4).  (Doc. 17 & 18; Doc. 37, p. 29).

## II.    <u>COURSE OF PROCEEDINGS AND DISPOSITION IN COURT BELOW</u>

As set forth above, Mrs. McMillan filed a motion to dismiss on April 1, 2008 and the district court responded by dismissing Plaintiff's official capacity claims against Mrs. McMillan.  (Docs. 17 & 18; Doc. 37, pp. 29-30 ).

Following the close of discovery, summary judgment was filed and in granting summary judgment to Mrs. McMillan the district court specifically held that in regard to Plaintiff's First Amendment retaliation claim against Mrs. McMillan:

> All of the evidence produced in this case shows that there was a steadfast disagreement between McMillan and Zaccari regarding the issue of Barnes withdrawal from VSU.  McMillan consistently and repetitively voiced her objection to Zaccari's opinion that Barnes or the Facebook collage was a threat.  She argued that Barnes should be permitted to remain a student, and then lobbied for Barnes' re-admission after Zaccari served notice of the withdrawal.

(Doc. 244, pp. 26-27).

The Court also granted Mrs. McMillan Summary Judgment with regard to Plaintiff's due process claims, holding:

The Court is not persuaded by the various phrases from cases cited by

Barnes in support of his argument that McMillan is liable because those

quotations are taken out of context and fail to sufficiently address how

McMillan, as counselor at a state university, caused Barnes to be withdrawn.

Because the undisputed facts show that Zaccari made the withdrawal

decision on his own, the link between McMillan's actions in April-May

2007 and Barnes's alleged harm regarding his substantive and procedural

due process rights is too remote to fairly permit the imposition of civil

liability against McMillan.

(Doc. 244, p. 33).  (Emphasis added).

Mrs. McMillan, as a prevailing Defendant, sought attorneys' fees under 42

U.S.C. § 1988(b) which the district court granted.  (Doc. 360; 405).   In granting

attorneys' fees to Mrs. McMillan, the district court held that "the record supports a

finding of frivolity."  (Doc. 405, p. 28).   Plaintiff did not appeal the district

court's decisions granting the dismissal of Plaintiff's official capacity claims

against Mrs. McMillan, and granting summary judgment to Mrs. McMillan as to

Plaintiff's individual claims, but did appeal the district court's award of attorneys'

fees to Mrs. McMillan, as well as the reasonableness of said award, the sole issues

being appeal with regard to Mrs. McMillan.    (Doc. 407).

4

## III.    STANDARD OF REVIEW

The district court's decision to award Mrs. McMillan attorneys' fees is reviewed for abuse of discretion.  *Thompson v. Pharm. Corp. of Am., Inc.*, 334 F.3d 1242, 1244 (11th Cir. 2003).  The district court's award of attorneys' fees is to be upheld unless there was a clear error of judgment or it applied the wrong legal standard.  *U.S. v. Frazier*, 387 F.3d 1244, 1259 (11th Cir., 2004) (en banc).

### SUMMARY OF THE ARGUMENT

The district court did not abuse its discretion in awarding attorneys' fees to Mrs. McMillan.  Mrs. McMillan was awarded summary judgment after the district court found Defendant Zaccari made the decision to withdraw Plaintiff on his own and that rather than retaliate against Plaintiff, Mrs. McMillan advocated on his behalf, voicing her objection to Defendant Zaccari's opinion that he was a threat and arguing that he remain a student.

In applying the factors identified by this Court to consider when determining frivolity, the district court correctly found that Plaintiff was unable to establish a prima facie case against Mrs. McMillan for retaliation or violation of either substantive or procedural due process; Mrs. McMillan never offered to settle with Plaintiff; and the claims against Mrs. McMillan did not proceed to trial.  (Doc. 405, pp. 26-27).

5

With regard to the reasonableness of said fees, the district court utilized the lodestar approach to calculate the reasonable award of attorneys' fees and correctly determined that both the rate and the hours expended were reasonable.

Because the district court correctly applied the proper legal standards in awarding attorneys' fees to Mrs. McMillan it did not abuse its discretion in awarding attorneys' fees and thus its award should be affirmed.

## ARGUMENT AND CITATION OF AUTHORITY

**I.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN FINDING PLAINTIFF'S CLAIMS WERE FRIVIOLUS AND AWARDING MRS. MCMILLAN ATTORNEYS' FEES**

A district court's award of attorneys' fees is to be upheld unless it made a clear error of judgment or it applied the wrong legal standard.    *U.S. v. Frazier*, 387 F.3d 1244, 1259 (11th Cir., 2004) (en banc).  In determining whether to award attorneys' fees, this Court has held that attorneys' fees are appropriate where the plaintiff's claim "was frivolous, unreasonable, or groundless, or . . . the plaintiff continued to litigate after it clearly became so." *Cohen v. World Omni Fin. Corp.*, 457 Fed. Appx. 822, 828 (11th Cir. 2012).

The decision regarding whether to award attorneys' fees should be decided on a case-by-case basis, but this Court has crystalized a number of factors for the reviewing court to consider, including:

(1)    Whether the plaintiff established a prima facie case;

(2)    Whether the defendant offered to settle; and

(3)    Whether the trial court dismissed the case prior to trial.

7

*Id.*, *quoting Sullivan v. Sch. Bd. Of Pinellas Cnty*, 773 F. 2d 1183, 1189 (11th Cir. 1985).[1]

Here, the district court did not abuse its discretion in awarding Mrs. McMillan attorneys' fees.  In applying the factors identified by this Court to consider when determining frivolity, the district court correctly found that Plaintiff failed to establish a prima facie case against Mrs. McMillan with regard to his retaliation claim and his due process claim.[2]  (Doc. 405, pp. 26-27).

In arguing that the district court erred in concluding Plaintiff did not establish a prima facie case of his claims against Mrs. McMillan and that Defendant Zaccari did not act alone, Plaintiff seems to forget that he explicitly conceded that he "does not seek review of the summary judgment order." (Appellant's Br., p. 1, fn. 1).  In light of Plaintiff's failure to seek review of the summary judgment order, any argument that the district court erred in determining Plaintiff did not establish a primi facie case of retaliation or due process violation is simply without merit.

---

[1]  Plaintiff does not dispute that the factors set forth above are to be considered in determining whether a claim is frivolous.   (Appellant's Br., p. 44).

[2]  Specifically, the district court found Defendant Zaccari made the decision to withdraw Plaintiff on his own and that rather than retaliate against Plaintiff, Mrs. McMillan advocated on his behalf, voicing her objection to Defendant Zaccari's opinion that he was a threat and arguing that he remain a student. (Doc. 244, pp. 26-27, 33).

With regard to the other factors, the district court properly found that Mrs. McMillan never made an offer of settlement to Plaintiff and that Plaintiff's claims were disposed of prior to trial. (Doc. 405, pp. 28).   The district court also considered the issue of whether Plaintiff's claims against Mrs. McMillan warranted extended review and correctly concluded they did not warrant extended review. (Doc. 405, pp. 28).  Plaintiff's argument that the district court's conclusion is belied by the 57 page opinion on cross motions for summary judgment ignores the fact that only a small portion of that Summary Judgment Order dealt with analysis of Plaintiff's claims against Mrs. McMillan, and in it the district court easily concluded Mrs. McMillan had nothing to do with Defendant Zaccari's to withdraw Plaintiff on his own, and that rather than retaliate against Plaintiff, Mrs. McMillan advocated on his behalf.  (Doc. 244, pp. 26-27, 33).

In light of the foregoing, the district court did not abuse its discretion in finding Plaintiff's claims against Mrs. McMillan were frivolous and in awarding attorneys' fees.

## II.    THE DISTRICT COURT'S AWARD OF FEES WAS REASONABLE

As the district court stated, the Eleventh Circuit uses the lodestar approach to calculate a reasonable award of attorneys' fees in which the number of reasonable

hours expended on a litigation is multiplied by the reasonable rate.  *Loos v. Club Paris, LLC*, 731 F. Supp. 2d 1324, 1329 (M.D. Fla. 2010).

Here, the district court utilized the lodestar approach to calculate Mrs. McMillan's reasonable attorneys' fees.  (Doc. 405, pp. 28-30).   With regard to Plaintiff's contention that the district court did not provide explanation of its reasoning, the district court specifically explained its analysis in determining the hourly rate was reasonable and that the hours expended were reasonable.  (Doc. 405, pp. 28-30).  Moreover, the record itself provides a detailed breakdown of the time billed by the attorneys. (Doc. 364-3).  In light of the foregoing, there was no abuse of discretion in the amount of attorneys' fees awarded and the district court's award should be upheld.

## CONCLUSION

Because the district court applied the proper legal standards and made no clear error of judgment in awarding attorneys' fees to Mrs. McMillan, it did not abuse its discretion, and its decision should be affirmed by this Court.

Respectfully submitted this 8th day of January, 2014.

s/ Gregory V. Reybold, Esq.
MATTHEW R. LAVALLEE
GA. BAR NO. 438196
GREGORY V. REYBOLD
GA. BAR NO. 144722
Counsel  for Defendant/Appellee Leah McMillan

10

**DALEY, KOSTER & LAVALLEE, LLC**
2849 Paces Ferry Road, Suite 205
Atlanta, Georgia  30339
(678) 213-2401 (PHONE)
(678) 213-2406 (FAX)

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), Defendant/Appellee, by and through his counsel of record, certifies that Appellee's Brief complies with the type-volume limitation requirement of this Court, showing this Court more fully as follows:

This brief uses a proportional face type (Times New Roman, 14 point) and does not exceed 14,000 words. Microsoft Word's word count states there are 2,488 words in this brief.

s/ Gregory V. Reybold, Esq.
GREGORY V. REYBOLD
GA. BAR NO. 144722

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing BRIEF OF DEFENDANT/APPELLEE LEAH MCMILLAN upon all parties to this matter by depositing a true copy of same in the United States Mail, in a properly addressed envelope with adequate postage thereon to counsel of record as follows:

Cary Wiggins
Wiggins Law Group
260 Peachtree Street, N.W., Suite 401
Atlanta, Georgia 30303

Robert Corn-Revere
Ronald G. London
Lisa Beth Zycherman
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue, N.W., Suite 800
Washington, D.C. 20006-3401

David C. Will
Holly Hance
Royal – Will
4799 Sugarloaf Parkway, Bldg. J
Lawrenceville, GA 30044

David R. Smith
Brannen, Searcy & Smith, LLP
22 E. 34th Street
Savannah, GA 31419

This 8th day of January, 2014.

s/ Gregory V. Reybold, Esq.
GREGORY V. REYBOLD
GA. BAR NO. 144722

13